UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GWEN MCCORRISTON

Plaintiff,

vs.                                                    Case No. 8:07-cv-160-T-27EAJ

L.W.T., INC., et al.,

Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Motion to Dismiss Second Amended Complaint,

or, Alternatively, Motion for Summary Judgment (Dkt. 46), to which Plaintiff has responded in

opposition (Dkt. 49).[1] Plaintiff asserts claims against Defendants for unlawful debt collection

practices under the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692, *et seq.*,

(Count I), and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §§ 559.55 *et seq.*,

(Count II), based on Defendants' efforts to collect on a time-barred debt. Upon consideration,

Defendants' motion is GRANTED IN PART and DENIED PART.

### Background

On November 1, 1996, Plaintiff opened a Chase Manhattan Bank Visa credit card account

("the account"). (Dkt. 42, ¶ 9). The account agreement contained a Delaware choice of law clause.

(Law Firm Aff. ¶ 7). When Plaintiff failed to make one or more payments, the account was closed

by the credit card issuer on or about November 22, 2002. (Dkt. 42, ¶ 9). The account was assigned

---

[1] After Defendants filed the instant motion for summary judgment, the parties stipulated to an extension of
case management deadlines. (Dkts. 50, 51). Although discovery is ongoing, Plaintiff has not requested a stay of the
instant motion pending completion of discovery.

to Defendant L.W.T., Inc. ("LWT"). (LWT Aff. ¶ 10).  On January 12, 2006, Defendant Shafritz, on behalf of Defendant Shafritz & Braten, P.A. ("the Law Firm"), sent a letter to Plaintiff with the statutorily-required notice that the account had been assigned to LWT.  (Dkt. 42, ¶ 11, Exh. A). Shafritz stated that the Law Firm had been retained to collect the sum of $11,376.24 and offered to settle the account for $9,100.99.  (Dkt. 42, Exh. A).  Shafritz further stated: "To accept this offer remit a check made payable to 'Shafritz and Braten, P.A.' by January 30, 2006.  Time is of the essence.  Prompt payment is necessary to forestall further review of your file by this office."  (*Id.*) The letter closed with statutorily-required language alerting Plaintiff to her rights to dispute and verify the alleged debt.  (*Id.*)  Plaintiff does not contend that she responded to the letter.

On April 5, 2006, LWT, acting through the Law Firm, filed suit against Plaintiff in the County Court in and for Hillsborough County to collect the amount allegedly due.  (Dkt. 42, ¶ 12). That state court action was dismissed with prejudice on October 13, 2006 as time-barred under Delaware's three year statute of limitations for actions between debtors and creditors. (Dkt. 42, Exh. B).  Defendant Braten, another attorney at the Law Firm, avers that his first "direct involvement" with the state court action came after the dismissal, and that he previously researched the statute of limitations issues.  (Dkt. 40-2; Braten Aff. ¶ 4; Dkt. 44-2: Law Firm Aff. ¶¶ 5-7).  On November 19, 2007, the Circuit Court for Hillsborough County, Appellate Division, affirmed the dismissal of the state court action.  (Dkt. 49-2).

On January 25, 2007, Plaintiff filed this federal action, claiming: (1) Defendants violated the FDCPA by filing a time-barred lawsuit and because LWT was not registered as a "consumer collection agency," as required by Florida law (Count I); and (2) Defendants violated the FCCPA by sending the January 12, 2006 letter even though suit on the debt was time-barred (Count II).  In

the instant motion to dismiss, Defendants argue that Plaintiff's FDCPA claim is subject to dismissal pursuant to the FDCPA's one year statute of limitations. Alternatively, Defendants argue that summary judgment should be granted on Plaintiff's FDCPA claim because Defendants did not seek to collect on a "debt" within the meaning of the FDCPA, the state court action was actually timely under both Florida and Delaware law, Defendants are protected by the FDCPA's "bona fide error" affirmative defense, and LWT, as holder of the debt, is not required to register as a consumer collection agency. Defendants argue that summary judgment should be granted on Plaintiff's FCCPA claim because Defendants did not knowingly file a time-barred lawsuit, as required for a FCCPA claim, and because Defendants are protected by Florida's litigation privilege, as the January 12, 2006 letter was a required pre-suit communication. Upon consideration, Defendants' motion to dismiss is denied, and Defendants' motion for summary judgment is granted in part and denied in part.

## I.   *Motion to Dismiss*

### A.   *Standard*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations, which, when taken as true, "raise a right to relief above the speculative level." *Id.* at 1964-65. A complaint may be dismissed on the basis of a statute of limitations "only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." *Tello v. Dean Witter*

3

*Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005) (internal quotations omitted).

## B.    Discussion

An action to enforce liability under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).  Defendants first argue that to the extent Plaintiff's FDCPA claim is premised on the mailing of Shafritz' January 12, 2006 letter, Plaintiff's claim is barred by the one-year statute of limitations, which Plaintiff concedes.  (Dkt. 49 at 4); *see also Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995) (FDCPA claim accrues the day after a collection letter is mailed).  Plaintiff instead maintains that Count I is premised on the filing of the state court action on April 5, 2006 and LWT's failure to register pursuant to Fla. Stat. § 559.553, both of which were within the statute of limitations.  Defendants contend that the filing of the state court action was part of a "continuing violation," which originated with the first communication on January 12, 2006.  Thus, Defendants claim that because the January 12, 2006 letter was outside the statute of limitations, any suit on one of Defendants' related acts is also time-barred.

The cases cited by Defendant in support of their contention are distinguishable, as even the latest alleged violations in those cases occurred outside the limitations period.  For instance, in *Sierra v. Foster & Garbus*, the last alleged illegal action was in June 1997 and the lawsuit was filed November 13, 1998, well outside the statute of limitations.  *Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999); *see also Wilhelm v. Credico, Inc.*, 455 F. Supp. 2d 1006, 1007 (D.N.D. 2006) (challenged communication was sent on December 10, 2003 and defendant was not added as party until October 3, 2005); *Fraenkel v. Messerli & Kramer, P.A.*, No. 04-1072, 2004 WL 1765309, at *3 (D. Minn. July 29, 2004) (letter that formed basis for claim was sent on December 3, 2002 and lawsuit filed February 29, 2004); *Kirscher v. Messerli & Kramer, P.A.*, No. 05-1901, 2006 WL

4

145162, at *5 (D. Minn. Jan, 18, 2006) (where alleged violation was premised on request for attorney's fees, claim accrued when debt collector first demanded fees, not when it filed affidavits in support); *Calka v. Kucker, Kraus & Bruh, LLP*, No. 98-cv-0990, 1998 WL 437151, at *3 (S.D.N.Y. Aug. 3, 1998) (last violation was filing of state lawsuit on July 16, 1996 and federal lawsuit was filed on February 11, 1998).

In this case, the filing of the state court action on April 5, 2006 was well within the one year limitations period. That Defendants sent a dunning letter outside the limitations period does not render Plaintiff's FDCPA claim time-barred, where, as here, Plaintiff has alleged a discrete violation within the limitations period. *See Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360 (allowing claim based on dunning letters within statute of limitations period, although some were outside); *Pittman v. J.J. MacIntyre Co. of Nev., Inc.*, 969 F. Supp. 609, 611 (D. Nev. 1997) (same). Based on the foregoing, Defendants' motion to dismiss Count I as time-barred is denied.

## II.    Motion for Summary Judgment

### A.    Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the

nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. Plaintiff's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

The Court will not weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Id.*

## B.  *Discussion*

### 1.  *FDCPA (Count I)*

In Count I, Plaintiff alleges that Defendants violated the FDCPA by filing a time-barred state court action and because LWT was not registered as a consumer collection agency, as required by Florida law. In order to prevail on an FDCPA claim, Plaintiff must prove that: (1) she was the object of collection activity arising from consumer debt; (2) Defendants are debt collectors as defined by the FDCPA; and (3) Defendants have engaged in an act or omission prohibited by the FDCPA. *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (quoting *Kaplan,* 88 F. Supp. 2d at 1360-61). Defendants do not dispute that Plaintiff was the subject of a collection activity, that the filing of a time-barred lawsuit is prohibited by the FDCPA, and that LWT was not

registered as a "consumer collection agency."[2]   Defendants instead argue that summary judgment should be granted on Plaintiff's FDCPA claim because: (1) Defendants did not collect on a consumer "debt," as defined by the FDCPA;[3] (2) the filing of the state court action was timely under both Florida and Delaware law, or, alternatively, Defendants are protected by the "bona fide error defense" because they did not intentionally file a time-barred lawsuit; (3) and LWT was not required by Florida law to register as a consumer collection agency.

### a.   Existence of a consumer "debt"

Defendants' first argument fails. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily *for personal, family, or household purposes*." 15 U.S.C. § 1692a(5) (emphasis added). Defendants argue that Plaintiff does *not recall the items for which she used her account*. Plaintiff testified, however, that although she did not specifically recall what the account was used for, "I would imagine household, you know, expenses, living expenses." (Pl. Dep. at 25).  As Defendants have not otherwise rebutted this evidence, Plaintiff has pointed to sufficient record evidence that a consumer "debt" existed, for the purposes of summary judgment.

### b.   Filing time-barred state court action

---

[2]  This Court previously dismissed Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692e(5) because the filing of a time-barred lawsuit does not constitute a "threat" with the meaning of § 1692e(5). (Dkt. 18 at 2-3). The Second Amended Complaint alleges that the filing of the state court action violated § 1692e, § 1692e(2)(A), § 1692e(5), § 1692e(10), § 1692f, and § 1692f(1), which Defendant does not challenge in the instant motion. *See also Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1487-89 (filing of a clearly time-barred lawsuit is illegal pursuant to § 1692f, § 1692e(2)(A), and § 1692e(10)).

[3]  Defendants also argue that the January 12, 2006 letter did not contain a "threat" within the meaning of the FDCPA.  As set forth above, however, Plaintiff's FDCPA claim is not premised on this communication.

As to Defendants' second argument, it is not relevant whether the state court action was *actually* time-barred. A party who brings and loses a debt collection lawsuit is not automatically liable under the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 295-96 (1995). Rather, the relevant question is whether Defendants may claim the "bona fide error" defense in 15 U.S.C. § 1692k(c), which provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c).

As set forth in the statute, it is Defendant's burden to prove this affirmative defense by a preponderance of the evidence. *Johnson v. Riddle*, 443 F.3d 723, 727 (10th Cir. 2006). From the undisputed facts of record, the Court finds that Defendants have sustained their burden.

Plaintiff argues that: (1) the bona fide error defense applies almost exclusively to clerical errors, not mistakes of law, as alleged here; and (2) Defendants' intent is a disputed issue of fact, not appropriate for resolution on summary judgment. As to the first argument, there is a split in authority as to whether the bona fide error defense applies to mistakes of law. In the absence of controlling authority in the Eleventh Circuit, this Court finds persuasive the reasoning of the Tenth Circuit Court of Appeals and Seventh Circuit Court of Appeals, which have joined a growing number of courts finding that the provisions of 15 U.S.C. § 1692k(c) are not limited to clerical mistakes. *See Johnson*, 443 F.3d at 727; *Nielsen v. Dickerson*, 307 F.3d 623, 640-41 (7th Cir. 2002).[4] Accordingly, the pertinent issues in assessing the application of the bona fide error defense

---

[4] The court in *Johnson* noted that the cases reaching a contrary conclusion are traceable to the Ninth Circuit Court of Appeal's holding in *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 779 (9th Cir. 1982), which analogized the FDCPA's bona fide error provision to the bona fide error provision found in the Truth in Lending Act (TILA). TILA expressly provides: "Examples of a bona fide error include, but are not limited to, clerical, calculation, computer malfunction and programing, and printing errors, *except that an error of legal judgment with respect to a*

are whether Defendants' error was bona fide and unintentional and whether Defendants had procedures in place reasonably adapted to avoid the error. *Johnson*, 443 F.3d at 729; 15 U.S.C. § 1692k(c).

In this case, these elements are closely intertwined. *Id.* at 729 ("Where, as here, the case involves a mistake of law, whether the debt collector's mistake was bona fide will often turn on the debt collector's due diligence practices.") The Law Firm, through Braten, has provided an affidavit averring that Braten researched the applicable statutes of limitation under both Florida and Delaware law, which yielded a sufficiently sound legal basis for arguing that: (1) Florida law governed the statute of limitations question (and it is undisputed that if Florida law did apply, the state court action was timely); and (2) if Delaware law applied, the three-year statute of limitations was tolled.

Defendants' contention that Florida law applies is weak, at best, but cannot be said to preclude application of the good faith defense to a FDCPA action. The account agreement contained a Delaware choice of law provision. Contractual choice of law provisions are presumptively valid unless the party opposing the application of the chosen law demonstrates that "the law of the chosen forum contravenes strong public policy." *Mazzoni Farms, Inc. v. E.I. DuPont DeNemours and Co.*, 761 So. 2d 306, 311 (Fla. 2000). Absent an argument by Defendants that Delaware law contravenes strong public policy of Florida, Delaware law applies to substantive matters, including the statute of limitations. *Id.*; *see also Siegel v. Novak*, 920 So. 2d 89, 93-94 (Fla. 4th DCA 2006); *Prestige Rent-A-Car, Inc. v. Advantage Car Rental and Sales, Inc. (ACRS)*, 656 So. 2d 541, 544 n.2 (Fla. 5th

---

*person's obligations under this subchapter is not a bona fide error.*" 15 U.S.C. § 1640(c) (emphasis added). The FDCPA does not contain this limitation. Accordingly, this Court finds, pursuant to the plain language of the FDCPA and Congress's intent, as manifested by the exclusion of TILA's limiting language, that the bona fide error defense applies to mistakes of law, as well as to clerical mistakes. *See also Heintz*, 514 U.S. at 296 (assuming that bona fide error defense would be available for unsuccessful litigation activities).

DCA 1995).  Defendants have made no such public policy argument.  Accordingly, Delaware's statute of limitations applies.

Notwithstanding, Defendants' argument that Florida's statute of limitations applied cannot be said to be without arguable support, as evidenced by the cases researched and cited in the Law Firm's affidavit.  (Law Firm Aff., ¶ 6).[5]  Having an arguable good faith, albeit wrong, basis for arguing that Florida's statute of limitations applies, based on a line of Florida cases stating that statutes of limitations are considered procedural, rather than substantive, precludes the requisite finding of bad faith or intentional conduct under the FDCPA.

It is undisputed that in Delaware, a three year statute of limitations for collection suits applies:

> No action . . . based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations . . . shall be brought after the expiration of 3 years from the accruing of the cause of such action; subject, however, to the provisions of §§ 8108-8110, 8119 and 8127 of this title. Del. Code Ann. tit. 10, § 8106.

The state court action, filed on April 5, 2006, was brought more than three years after Plaintiff's account was closed on November 22, 2002, which is the last date on which the account could have been in default.  As a result, the state court action was untimely under § 8116.  Nonetheless, Defendants argue that the tolling provisions of § 8117 apply:

> If at the time when a cause of action accrues against any person, such person is out of the State, the action may be commenced, within the time limited therefor in this chapter, after such person comes into the State in such manner that by reasonable diligence, such person may be served with process. If, after a cause of action shall have accrued against any person, such person departs from and resides or remains out of the State, the time of such person's absence until such person shall have returned

---

[5] Circuit Judge Crenshaw, sitting in an appellate capacity, was eminently correct in her analysis and conclusion that the Delaware statute of limitations applied. (Dkt. 49-2).

into the State in the manner provided in this section, shall not be taken as any part of the time limited for the commencement of the action. Del. Code Ann. tit. 10, § 8117.

The Supreme Court of Delaware has correctly observed that the blanket application of the tolling statute to cases involving non-resident defendants, as Defendants urge here, "would result in the abolition of the defense of statutes of limitation in actions involving non-residents." *Hurwitch v. Adams*, 155 A.2d 591, 594 (Del. 1959). In *Hurwitch*, the court found that the tolling statute did not apply where substitute service was available to subject the non-resident defendant to personal jurisdiction in a Delaware court. *Id.* at 593. By contrast, Defendants argue that the Delaware Supreme Court recently applied § 8117 to toll the statute of limitations for several years against a non-resident defendant corporation until it entered Delaware and filed a lawsuit. *Saudi Basic Indus. Corp. v. Mobil Yanbu Petrochem. Co., Inc.*, 866 A.2d 1, 18 (Del. 2005). That court noted that the plaintiff would not have been able to obtain personal jurisdiction over the foreign defendant in Delaware until it was present in the state and subject to service of process. *Id.*

The holdings of *Hurwitch* and *Saudi Basic* are entirely consistent. When a non-resident defendant is subject to service in Delaware, either through personal or substitute service, the statute of limitations is not tolled. When a non-resident defendant is sued in Delaware, but is outside its jurisdiction, the statute of limitations is tolled until the defendant is available to be served in Delaware. However, one key factor distinguishes these cases from the instant case. In both cases, the courts evaluated the effect of the tolling statute on cases brought in Delaware. The holdings were premised on plaintiff's ability (or inability) to obtain personal jurisdiction over the non-resident defendant in Delaware. No such jurisdictional problem was present in Defendants' state court action. Plaintiff resided in Florida and was subject to personal jurisdiction in Florida.

11

For the purposes of determining Defendants' good faith, the Court notes that § 8117 is not expressly limited to cases filed in Delaware. Notwithstanding, § 8117 references "the State," an obvious reference to Delaware. Defendants' proposed application of § 8117 to a case filed in Florida is plainly problematic. Defendant's construction of § 8117 would indefinitely toll lawsuits filed in states other than Delaware, notwithstanding that those lawsuits were filed against account holders who were never in Delaware, but who are subject to service in the state in which the suit was filed. Such a construction would, as the court in *Hurwitch* noted, effectively "result in the abolition of the defense of statutes of limitation in actions involving non-residents," an absurd result.

Defendants' strained construction of § 8117 would inject an inherent ambiguity into the statute, an illogical and unreasonable result. Moreover, the cases cited by Defendants do not support such a construction. Simply put, Defendants are wrong about Florida's statute of limitations applying and wrong about the statute being tolled because McCorriston was not in Delaware. Notwithstanding, Defendants' bona fide error defense based on their mistake of law turns not on whether Defendants were wrong or made every conceivable attempt to ensure that their suit was timely but on whether Defendants had procedures "reasonably adapted" to preventing their legal error.[6]  15 U.S.C. § 1692k(c).

This Court agrees with the Circuit Court in and for Hillsborough County that the application of § 8117 to these facts is a "challenging issue." (Dkt. 49-2). The parties have cited no controlling authority on the issue. Further, it is not alleged that this question had been decided adversely to

---

[6] In *Johnson v. Riddle*, the Tenth Circuit Court of Appeals determined that there was an issue of fact as to an attorney's good faith where the attorney failed to complete an *Erie* analysis as to the likely holding of the Utah Supreme Court on whether the debt collector could collect certain penalties. *Johnson*, 443 F.3d at 730. However, the court also noted that if the attorney had undertaken the analysis, he would have come to the "unmistakably clear" and "unambiguous" conclusion that the Utah Supreme Court would not allow the debt collector to collect the challenged penalties. *Id.* at n. 4. No such clear and unambiguous conclusion is dictated in this case.

Defendants, or to any other debt collector, in any court, when the state court action was filed.[7]  *See*

*Simmons v. Miller*, 970 F. Supp. 661, 666 (S.D. Ind. 1997) (finding that the filing of an untimely

lawsuit was not intentional, in part, because there was no controlling legal authority on the question);

*Almand v. Reynolds & Robin, P.C.*, 485 F. Supp. 2d 1361, 1367 (M.D. Ga. 2007) (same).[8]

Defendants have averred that they conducted research before reaching the conclusion that the case

was not time-barred. Plaintiff has not disputed this.  Although Defendants' argument regarding

tolling is unconvincing, if not plain wrong, the record supports their good faith defense since there

is an arguable basis for tolling under Delaware law pursuant to the plain language of § 8117, which

does not limit its reach to cases initiated in Delaware.

Parties and their counsel must be free to make novel legal arguments, including arguments

which turn out to be without merit in areas of unsettled law, so long as there is a good faith basis for

doing so. The ultimate rejection of Defendants' argument by the state court action does not mandate

a finding, under these circumstances, that Defendants intentionally filed a time-barred suit.  *See*

*Heintz*, 514 U.S. at 296 ("we do not see how the fact that a lawsuit turns out ultimately to be

unsuccessful could, by itself, make the bringing of it an 'action that cannot legally be taken.'"); *cf.*

*Kimber*, 668 F. Supp. at 1487-88 (finding state suit violated § 1692f where there was "no question"

the claim was time-barred and defendants made no inquiry into whether a tolling provision was

applicable).

---

[7]  After the dismissal of the state court action, a Broward County court rejected Defendants' tolling argument pursuant to § 8117, and dismissed the case with prejudice. *L.W.T. v. Brodsky*, No. 06-6852-COWE, 2006 WL 3617983, at *1-2 (Fla. 17th Cir. Ct. Dec. 8, 2006).

[8]  The Court notes that neither case applies a bona fide error analysis. Rather, the discussion in both cases includes the element of intent as part of a plaintiff's prima facie case.  This approach has been disapproved, as the FDCPA is a strict liability statute. *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 997 (7th Cir. 2003); *Kaplan*, 88 F. Supp. 2d at 1361.

Under the facts of this case, Defendants have demonstrated by a preponderance of the evidence that they acted in bona fide error and did not intentionally file a suit which was time barred. After researching the issue, Braten reasonably believed that Florida's statute of limitation applied to the underlying debt when the state court action was filed and alternatively, if Delaware's statute applied, that the limitation period had been tolled. (Law Firm Aff., ¶¶ 5, 6, 7). Although wrong, this was a good faith mistake in their interpretation of an unsettled question of law. Defendants' motion for summary judgment is therefore granted on Plaintiff's FDCPA claim to the extent it is premised on the filing of a time-barred action (Count I).

c.    *Failing to register pursuant to Fla. Stat. § 559.553*

Plaintiff also alleges in Count I that Defendants violated the FDCPA by attempting to collect a consumer debt when LWT had not registered with the Florida Office of Financial Regulation as required by state law. (Dkt. 42, ¶ 14).[9] Defendants' only argument in response is that LWT, as assignee of the account, was not required to register.

Section 559.553(1) provides: "no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration." A "consumer collection agency" is defined as "any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts, which debt collector or business is not expressly exempted as set forth in s. 559.553(4)." Fla. Stat. §

---

[9] Consistent with the allegations in the Second Amended Complaint, Defendants have construed this portion of Plaintiff's claim to relate only to Defendant LWT. (Dkt. 46 at 22-23). In a previous motion to dismiss, which was denied as moot due to the filing of the Second Amended Complaint, Defendants argued that Plaintiff could not state an FDCPA claim based on this violation of state law, standing alone. (Dkt. 25 at 14-15). Defendants have not renewed this argument in the instant motion.

14

559.55(7).[10]

Defendants argue that LWT was not required to register with the Office of Financial Regulation, as it was not a "consumer collection agency" within the meaning of the statute. Defendants point out that the Second Amended Complaint alleges that LWT was the assignee of the debt. (Dkt. 42, ¶ 10). Defendants maintain that LWT is merely the owner of the debt, not the collector of the debt. Defendant argues that as the "real party in interest," it was not required to register.

Assuming, without deciding, that an assignee of a stale debt, as the "real party in interest" is not subject to the registration requirements of § 559.553(1), Defendants' argument does not address an aspect of §559.553(1) which may bring LWT within the reach of the registration requirement, notwithstanding its status as owner of the debt. The statute applies to any entity in the business "of soliciting consumer debts for collection." Fla. Stat. § 559.55(7).[11] In its affidavit, LWT avers that it "is a Florida corporation that purchases portfolios of charged off credit card accounts and other types of loans." (LWT Aff., ¶ 2). An inference can be reasonably drawn from this affidavit that LWT is in the business of "soliciting consumer debts for collection."

Notwithstanding, the arguments on this issue are not fully developed by the parties. Defendant LWT has therefore not met its burden at the summary judgment stage to refute the elements of Plaintiff's claim. Defendants' motion for summary judgment is accordingly denied as

---

[10] Plaintiff's reliance on the definition of a "debt collector" in 15 U.S.C. § 1692a(6) is inapposite for purposes of Defendants' argument, as Plaintiff's claim is premised on LWT's failure to register "as required by § 559.553(1), Fla. Stat." (Dkt. 42, ¶14).

[11] "Consumer collection agency" means any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts, which debt collector or business is not expressly exempted as set forth in s. 559.553(4 )." Fla. Stat. § 559.55(7).

to Plaintiff's claim in Count I that LWT's failure to register with the Office of Financial Regulation constitutes a violation of the FDCPA.

### 2.   FCCPA (Count II)

In Count II, Plaintiff alleges that Defendants violated the FCCPA by sending the January 12, 2006 dunning letter, seeking to collect a time-barred debt.  In pertinent part, the FCCPA makes it a violation for a debt collector to: "Claim, attempt, or threaten to enforce a debt when such person *knows* that the debt is not legitimate or assert the existence of some other legal right when such person *knows* that the right does not exist."  Fla. Stat. § 559.72(9) (emphasis added). In the instant motion, Defendants contend that they did not "know" that the debt was not legitimate and that they have complete immunity under Florida's litigation privilege because the letter was a condition precedent to filing suit. This Court agrees with Defendants' first argument and therefore need not assess the application of the litigation privilege to the dunning letter.

In contrast to the FDCPA, Plaintiff must prove, as part of the prima facie case alleging a violation of the FCCPA, that Defendants had *actual knowledge* that their claim of a right to enforce the debt was time-barred. *Cole v. Lobello Painting, Inc.*, No. 06-cv-2171, 2007 WL 2330860, at *4 (M.D. Fla. Aug. 14, 2007) (quoting *In re Cooper*, 253 B.R. 286, 290 (Bkrtcy. N.D. Fla. 2000)); *Kaplan*, 88 F. Supp. 2d at 1363 (S.D. Fla. 2000) (noting that FCCPA requires an allegation of knowledge of intent).  Constructive knowledge is not sufficient. *Williams v. Streeps Music Co., Inc.*, 333 So. 2d 65, 67 (Fla. 4th DCA 1976) (striking allegation that debt collector "should have known" the claim was not legitimate).

Plaintiff has not established that Defendants had actual knowledge that LWT's claim was time-barred when they sent the January 12, 2006 letter. Nor has Plaintiff raised a genuine issue of

16

fact as to Defendants' actual knowledge. As discussed, Defendants had a good faith basis for arguing that Florida's statute of limitations applied and alternatively that the Delaware statute of limitations was subject to tolling pursuant to § 8117. Accordingly, based on the undisputed facts of record, Defendants did not have the requisite actual knowledge that their claim was time-barred so as to subject them to liability under Fla. Stat. § 559.72(9).

Based on the foregoing, Defendant's motion for summary judgment is granted on Plaintiff's FCCPA claim (Count II).

### *Conclusion*

Upon consideration, it is **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss Second Amended Complaint, or, Alternatively, Motion for Summary Judgment (Dkt. 46) is **GRANTED IN PART** and **DENIED IN PART** as to Count I, and **GRANTED** as to Count II, as discussed.

**DONE AND ORDERED** in chambers this ____21st____ day of February, 2008.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

17