## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GWEN MCCORRISTON**

        **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　**Case No. 8:07-cv-160-T-27EAJ**

**L.W.T., INC., et al.,**

        **Defendants.**

_____/

## ORDER

**BEFORE THE COURT** are: (1) Plaintiff's Motion for Summary Judgment (Dkt. 60), to which Defendants have responded in opposition (Dkt. 63); and (2) Defendants' Cross-Motion for Summary Judgment (Dkt. 63), to which Plaintiff has responded in opposition (Dkt. 65). Upon consideration, Defendants' motion for summary judgment is GRANTED and Plaintiff's motion for summary judgment is DENIED.

### *Background*

On November 1, 1996, Plaintiff opened a Chase Manhattan Bank Visa credit card account ("the account"). (Dkt. 42, Sec. Am. Compl., ¶ 9). When Plaintiff failed to make one or more payments, the account was closed by the credit card issuer on or about November 22, 2002. (Dkt. 42, ¶ 9). The account was thereafter assigned to Defendant L.W.T., Inc. ("LWT"). (Dkt. 44-2, LWT Aff. ¶ 10). On January 12, 2006, Defendant Shafritz, on behalf of Defendant Shafritz & Braten, P.A. ("the Law Firm"), sent a letter to Plaintiff with the statutorily-required notice that the account had been assigned to LWT and that the Law Firm had been retained to collect the sum of $11,376.24. (Dkt. 42, ¶ 11, Exh. A). Plaintiff does not contend that she responded to the letter.

1

On April 5, 2006, LWT, acting through the Law Firm, filed suit against Plaintiff in the County Court in and for Hillsborough County to collect the amount allegedly due. (Dkt. 42, ¶ 12). That state court action was dismissed with prejudice on October 13, 2006 as time-barred under Delaware's three year statute of limitations for actions between debtors and creditors. (Dkt. 42, Exh. B). On November 19, 2007, the Circuit Court for Hillsborough County, Appellate Division, affirmed the dismissal of the state court action. (Dkt. 49-2).

### *Procedural History*

On January 25, 2007, Plaintiff filed this federal action, claiming: (1) Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, by filing a time-barred lawsuit and because LWT was not registered as a "consumer collection agency," as required by Florida law (Count I); and (2) Defendants violated the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55 *et seq.* by sending the January 12, 2006 letter even though suit on the debt was time-barred (Count II). On February 22, 2008, this Court granted Defendants' motion for summary judgment on Plaintiff's FDCPA for filing of a time-barred lawsuit, based on the application of the statutory "bona fide error defense" and on Plaintiff's FCCPA claim, based on Defendant's lack of actual knowledge that the lawsuit was time-barred. (Dkt. 54). Because the parties failed to fully address the merits of Plaintiff's FDCPA claim for LWT's failure to register as a consumer collection agency, Defendants' motion for summary judgment on this claim was denied. The instant motions for summary judgment address this remaining portion of Plaintiff's FDCPA claim.

### *Standard*

Summary judgment is proper if following discovery, the pleadings, depositions, answers to

interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. Plaintiff's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

The Court will not weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Id.*

### *Discussion*

In the remaining portion of Count I, Plaintiff alleges that Defendants violated the FDCPA by attempting to collect a consumer debt while LWT was not registered as a consumer collection agency, as required by the FCCPA. In order to prevail on an FDCPA claim, Plaintiff must

demonstrate by a preponderance of the evidence that: (1) she was the object of collection activity arising from consumer debt; (2) Defendants are "debt collectors" as defined by the FDCPA; and (3) Defendants have engaged in an act or omission prohibited by the FDCPA. *See Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D.Fla. 2000)).

Defendants do not dispute that Plaintiff was the subject of a collection activity arising from a consumer debt and that LWT was not registered as a "consumer collection agency."  Defendants instead argue that: (1) LWT was not required to register as a consumer collection agency under the FCCPA; (2) failure to register under the FCCPA does not constitute a violation of the FDCPA; and (3) Defendants are entitled to prevail on the FDCPA's bona fide error defense.  As set forth below, the Court finds that although LWT was required to register as a consumer collection agency under the FCCPA, LWT's failure to register does not constitute a violation of the FDCPA.

*1.*      ***Failure to register as a "consumer collection agency" under the FCCPA***

Pursuant to the FCCPA, "no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration." Fla. Stat. § 559.553(1).  The FCCPA defines "consumer collection agency" as "any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts, which debt collector or business is not expressly exempted as set forth in s. 559.553(4)."  Fla. Stat. § 559.55(7).

LWT does not argue that any exemption to the registration requirement applies.  The issue is thus whether LWT is: (1) a "debt collector;" (2) a "business entity engaged in the business of

4

soliciting consumer debts for collection;" or (3) a "business entity engaged in the business . . . of collecting consumer debts."

a.      *Business entity engaged in the business of soliciting consumer debts for collection*

In the February 21, 2008 Order on Defendants' first motion for summary judgment, this Court noted that the parties failed to address whether LWT is in the business of soliciting consumer debts for collection, which "may bring LWT within the reach of the registration requirement." (Dkt. 54 at 15). In assessing the application of this provision, the plain and ordinary meaning of the term "solicit" governs. *See State v. Brake*, 796 So. 2d 522, 528 (Fla. 2001) ("where a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense"). The plain meaning of the word "solicit" is: "to seek for (something) by entreaty, earnest or respectful request, formal application, etc.; . . . to entreat or petition (someone or some agency)." *See Random House Unabridged Dictionary* 1816 (Stuart B. Flexner, et al. eds., 2d ed. 1993).

LWT contends that it has not solicited the purchase of any of its charged off debt portfolios. Specifically, Shafritz avers that LWT does not initiate any communications with portfolio sellers, portfolio resellers, or any original creditors, banks or financial institutions. (Dkt. 61-2, LWT Supp. Aff. ¶¶ 4-7).[1] Shafritz also avers that LWT did not solicit in any way the purchase of the portfolio that included Plaintiff's account from the prior owner, The Sagres Company. (LWT Supp. Aff. ¶ 8). These undisputed factual averments are sufficient, for summary judgment purposes, to meet LWT's burden of demonstrating that LWT is not in the business of soliciting consumer debts for collection.

---

[1] Plaintiff argues that LWT's affidavits (on which Plaintiff also relies, having not submitted any additional record evidence) are not sworn to and that they can therefore not prevail on the elements of this defense. Plaintiff provides no relevant authority in support of this argument, and the affidavits appear to be sworn to and notarized.

In response, Plaintiff cites no record evidence contradicting Shafritz' assertions. For instance, Plaintiff provides no evidence concerning the nature of LWT's initial or subsequent contacts with the portfolio sellers, resellers, creditors, banks, or financial institutions. By failing to provide any record evidence concerning the nature of LWT's contacts with these entities, despite ample opportunity to identify this as a pertinent issue and to conduct discovery, Plaintiff fails to create any issue of material fact as to whether LWT solicits consumer debts for collection. *See Celotex*, 477 U.S. at 323-24 (once moving party has met its burden, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial.")

b.   *Debt collector*

Plaintiff instead contends that LWT is a "debt collector" within the meaning of the FCCPA and FDCPA and thus subject to the consumer collection agency registration requirement. "Debt collector" is defined in the FCCPA as:

> any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . Fla. Stat. § 559.55(6); *see also* 15 U.S.C. § 1692a(6).

In response, LWT argues that it is not a debt collector, but is rather a "creditor."

Federal courts addressing the parallel definition of "debt collector" in the FDCPA interpret the definition to contain two disjunctive phrases, so that a debt collector includes anyone: (1) who uses any instrumentality of commerce within the state "in any business the principal purpose of which is the collection of debts," or (2) "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[2] *See Wadlington v. Credit*

---

[2] Pursuant to the FCCPA, "due consideration and great weight" is afforded to interpretations of the federal courts relating to the FDCPA. Fla. Stat. § 559.77(5).

*Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) (noting that business may be liable under first prong, but not second); *see e.g., Munoz v. Pipestone Fin.*, LLC 397 F. Supp. 2d 1129, 1133 (D. Minn. 2005) (evaluating language in 15 U.S.C. § 1692a(6)); *Kvassay v. Hasty*, 236 F. Supp. 2d 1240, 1268 (D. Kan. 2002) (same).

With respect to the first prong -- whether pursuant to the FCCPA LWT uses intrastate communication in a business "the principal purpose of which is the collection of debts" -- Shafritz avers that LWT "is a Florida corporation that purchases portfolios of charged off credit card accounts and other types of loans." (LWT Aff. ¶ 2).[3]  Shafritz also avers that LWT "does not have any operations or employees to perform collection activities on the Portfolios it purchases" and "does not have contact with consumers to perform collection activities, such as the forwarding of demand letters, making telephone calls or any other form of collection activity." (LWT Supp. Aff. ¶¶ 12, 13). Rather, LWT refers all debts to the Law Firm for collection, which handles all collection efforts. (*Id.*, ¶¶ 14, 15).

While this Court accepts LWT's unrebutted evidence that it does not, itself, engage in collection activities, it is undisputed that LWT's business is purchasing defaulted loans, and LWT does not dispute its use of intrastate communication in the purchase of defaulted loans.  In similar circumstances, the Third Circuit Court of Appeals has determined that "there is no question that the 'principal purpose' of [defendant]'s business is the 'collection of any debts,' namely, defaulted obligations which it purchases from municipalities." *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 404 (3d Cir. 2000).  This Court agrees.  While LWT does not engage in collection

---

[3] Although Shafrtiz also avers in LWT's Supplemental Affidavit that "LWT owns and holds real estate, financial instruments, and charged-off debt portfolios" (LWT Supp. Aff. ¶ 3), that does not negate or diminish Shafritz' description of LWT's principal business of purchasing charged off debts.

activities itself, LWT's principal business *purpose* is the collection of debts or there would be no reason for it to purchase debt portfolios. Accordingly, LWT falls within the plain language of the first prong of the "debt collector" definition.[4]

The analysis does not, however, end there. The FDCPA and FCCPA include six statutory exceptions to the "debt collector" definition. *See* Fla. Stat. § 559.55(6)(a)-(f); *see also* 15 U.S.C. § 1692a(6)(A)-(F). Although LWT has not specifically invoked any of these exceptions, LWT does generally claim that it is a "creditor." For the sake of completeness, the Court therefore evaluates the application of the first statutory exception for "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such credit." Fla. Stat. § 559.55(6)(a); *see also* 15 U.S.C. § 1692a(6)(A). Creditor is defined in the FCCPA and FDCPA as follows:

> The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." Fla. Stat. § 559.55(3); *see also* 15 U.S.C. § 1692a(4).

The Court does not reach the question of whether LWT is a "creditor" within the meaning of this definition. Pursuant to the plain language of the statutory exception, this Court finds, in contrast to the authority below, that the exception does not exclude "creditors" generally, only officers or employees of creditors collecting debts in the creditor's name. *See* S. Rep. 95-382 at 3 (1977) (exception includes "in house" collectors for creditors). This exception is not applicable in this case because Shafritz has averred that LWT "does not have any operations or employees to perform collection activities on the Portfolios it purchases," (LWT Supp. Aff. ¶ 12). Accordingly,

---

[4] The case cited by Defendants relating to the New York City debt licensing law is distinguishable, as that pertinent code defined "debt collection agency" as "a person engaged in business the principal purpose of which is to regularly collect or attempt to collect debts." *See Kuhne v. Cohen & Slamowitz*, No. 07civ1364, 2008 WL 608607, at *3 (S.D.N.Y. Mar. 5, 2008).

regardless of whether LWT is a creditor, it does not fall within the officer or employee exception to the "debt collector" definition. LWT does not argue that any of the other five exceptions apply. *See* 15 U.S.C. § 1692a(6)(B)-(F).

This Court acknowledges that a number of courts have held that the officer or employee exception applies to "creditors" themselves. *See e.g., Catencamp v. Cendant Timeshare Resort Group-Consumer Finance, Inc.*, 471 F.3d 780, 781 (7th Cir. 2006); *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1484 (M.D. Ala. 1987) (citing S.Rep. No. 95-382). However, these courts also consistently employ a bright line rule and hold that "the Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not." *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003); *see Pollice*, 225 F.3d at 403-04 (3d Cir. 2000); *Wadlington*, 76 F.3d at 106; *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).[5]

Although it is undisputed that LWT was an assignee or transferee of Plaintiff's debt, it is also undisputed that Plaintiff's loan was in default when it was assigned or transferred to LWT. (Dkt. 42, ¶¶ 9-10; Ans., Dkt. 55, ¶¶ 9-10). LWT would thus not be considered a creditor under this line of cases because Plaintiff's loan was in default at the time it was assigned or transferred to LWT.

---

[5] This holding is an apparent amalgamation of the definition of creditor, which excludes any person who "receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another" and the sixth exception to the definition of "debt collector," which excludes any person collecting "a debt which was not in default at the time it was obtained by such person." Although the Court does not reach the issue of whether LWT is actually a creditor, it is noted that the precedent on this issue fails to pay heed to the plain meaning of the assignee exception, which applies only to those persons who receive an assignment of a debt in default "solely for the purpose of *facilitating collection* of such debt *for another*." As Congress has included these phrases, this Court must assume that it was not mere surplusage and that Congress meant what it said. *See United States v. DBB, Inc.*, 180 F.3d 1277, 1285 (11th Cir. 1999) ("A statute should be interpreted so that no words shall be discarded as meaningless, redundant, or mere surplusage.") (internal quotations omitted); *Shotz v. City of Plantation*, 344 F.3d 1161, 1167 (11th Cir. 2003) (courts "must presume that Congress said what it meant and meant what it said") (internal quotations omitted).

For the foregoing reasons, the Court finds that LWT has not demonstrated that it falls within an exception to the "debt collector" definition and that it constitutes a "debt collector" as defined by the FCCPA and FDCPA. Because "debt collectors" are included in the definition of "consumer collection agency," Fla. Stat. § 559.55(7), LWT is a "consumer collection agency" pursuant to the FCCPA. *See also* Fla. Stat. § 559.553(4)(a) (*exempting only "original" creditors from the registration requirement.*). As LWT has not argued that any exemptions to the registration requirement apply, Fla. Stat. § 559.553(4), LWT was required to register as a consumer collection agency.

## 2. *Failure to register under the FCCPA as a violation of the FDCPA*

The remaining portion of Count I alleges that Defendants' debt collection activities while LWT was not registered as a consumer collection agency violated several sections of the FDCPA. Whether a challenged activity constitutes a violation of the FDCPA exists is determined by application of the "least sophisticated consumer" standard. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).

First, Plaintiff contends that Defendants violated 15 U.S.C. § 1692e(5), which prohibits a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." The only activity undertaken by Defendants within the statute of limitations in this case was the filing of the state court lawsuit.[6] This Court previously held that the filing of the state court lawsuit does not constitute a "threat" within the meaning of § 1692e(5). (Dkt. 18 at 2-3; *see also* Dkt. 54 at 7, n.2). Thus, it is immaterial whether the threatened activity could be "legally taken" due to LWT's failure to register. Plaintiff's claim pursuant to § 1692e(5) therefore fails. *See*

---

[6] This Court previously held that Plaintiff's claim based on the January 12, 2006 dunning letter was barred by the statute of limitations, which Plaintiff did not dispute. (Dkt. 54 at 4).

*also Ferguson v. Credit Mgm't Control, Inc.*, 140 F. Supp. 2d 1293, 1302 (M.D. Fla. 2001) (holding that defendant did not violate § 1692e(5) by failing to register with Florida Department of Banking before sending collection letter, as defendant did not make any threat).

Plaintiff also argues that Defendants are liable under 15 U.S.C. § 1692f, which generally prohibits the use of "unfair or unconscionable means" to collect a debt. Defendants object to the extent Plaintiff seeks to recover under § 1692f, arguing that Plaintiff did not plead it in the Amended Complaint. Defendants are not correct, as the Amended Complaint alleges that "actions of the Defendants as set forth above constitute violations of 15 U.S.C. § 1692e, §1692e(2)(A), §1692e(5), § 1692e(10), § 1692f, and § 1692f(1)." (Dkt. 42, ¶ 16). While this is, as Defendants now note, a shotgun pleading, Defendants had adequate notice that Plaintiff was relying on § 1692f, as well as the other specified statutory sections.

Nonetheless, the Court does not find persuasive Plaintiff's argument that failure to register as a debt collector is a "*means* to collect a debt or attempt to collect a debt" under § 1692f. Failure to register simply does not constitute a "means" as do the enumerated examples in the statute. *But see LeBlanc v. Unifund CCR Partners, G.P.*, --- F. Supp. 2d ---, 2008 WL 1994980, 11 (M.D. Fla. May 8, 2008) (citing *Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443, 1452 (D. Nev. 1994) (holding that failure to register "deprived [Kuhn] of her right as a consumer debtor residing within the state to have the defendant's qualifications as a collection agency reviewed by state authorities.")). Rather, to the extent that Plaintiff was deprived of any right to administrative review of LWT's qualifications by LWT's failure to register, "her remedy lies in [Florida] state law, not in Section 1692f of the FDCPA." *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (disagreeing with *Gaetano v. Payco of Wis., Inc.*, 774 F. Supp. 1404, 1414-15 (D. Conn. 1990)); *see*

11

*also* Fla. Stat. § 559.725 (providing consumer complaint procedure).[7]

For these same reasons, the Court finds that Plaintiff's claim under the remaining provisions of § 1692e fails. Section 1692e generally prohibits the use of " any false, deceptive or misleading *representation* or *means* in connection with the collection of any debt." 15 U.S.C. § 1692e (emphasis added). Section 1692e(10) prohibits "[t]he use of any false *representation* or deceptive *means* to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10) (emphasis added). In addition to failing to identify any "means," Plaintiff has failed to identify any misrepresentation relevant to LWT's failure to register. *See Wade*, 87 F.3d at 1100 (noting that "[t]here was no false representation that RCA had the power to collect in Idaho" sufficient to invoke 1692e(10)); *Ferguson*, 140 F. Supp. 2d at 1303; *Thibodeau v. Credit Adjustment Bureau*, No. 8:06-cv-509, 2006 WL 3498159, at *2 (M.D.Fla. Dec. 4, 2006); *cf. Gaetano*, 774 F. Supp. at 1414-15 (finding violation where defendant expressly stated it was a licensed collection agency when it was not).

Similarly, § 1692e(2)(A) prohibits the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Again, Plaintiff has identified no false representation, and failing to register does not constitute misrepresentation of the legal status of a debt. *See Gaetano*, 774 F. Supp. at 1415.

Finally, Plaintiff alleges that Defendants violated §1692f(1), which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation)

---

[7] Morever, even if Plaintiff's § 1692f claim is read to include LWT's filing of the time-barred state court lawsuit while it was not registered, that claim would be entirely duplicative of the separate claim based on the filing of the time-barred lawsuit, which this Court previously held was defeated by application of the bona fide error defense. (Dkt. 54 at 8-13). Accordingly, the filing of the lawsuit was not unfair or unconscionable. *See Pescatrice v. Orovitz*, 539 F. Supp. 2d 1375, 1379-80 (S.D. Fla. 2008) (filing of time-barred lawsuit was not itself unfair or unconscionable where bona fide error defense applied).

unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

15 U.S.C. § 1692f.  LWT's failure to register is not relevant to the application of this provision, as

the focus of this provision "is on the amount of the debt to be collected, rather than the collector's

authorization to collect any debt, whatever its amount." *Gaetano*, 774 F. Supp. at 1415-16.  Plaintiff

has not alleged that Defendants collected any amount that was not permitted by law.  For this reason,

Plaintiff's § 1692f(1) claim fails.

### *Conclusion*

Based on the foregoing, the Court finds that Plaintiff has failed to demonstrate that

LWT's failure to register as a "consumer collection agency" constitutes a violation of the FDCPA,

under the facts of this case.  Accordingly, it is **ORDERED** and **ADJUDGED**:

1)    Plaintiff's Motion for Summary Judgment (Dkt. 60) is **DENIED**.

2)    Defendants' Cross-Motion for Summary Judgment is **GRANTED**.

3)    All pending motions are **DENIED AS MOOT**.

4)    The Clerk is directed to **CLOSE** this case and enter judgment in favor of Defendants.

**DONE AND ORDERED** in chambers this ___7th___ day of August, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

13